UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES WALTER WEBER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>OFFICER OLDENHUIS, *et al.*,<br><br>　　　　　　Defendants. | Case No. C18-972-JCC-JPD<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Charles Weber has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed plaintiff's complaint, and the balance of the record, concludes that plaintiff has not stated any claim upon which relief may be granted in this action. The Court therefore recommends that plaintiff's complaint and this action be dismissed, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

REPORT AND RECOMMENDATION - 1

## DISCUSSION

On June 29, 2018, plaintiff presented to this Court for filing a civil rights complaint under 42 U.S.C. § 1983. (Dkt. 1.) Plaintiff was at that time confined at the Monroe Correctional Complex ("MCC") – Twin Rivers Unit ("TRU") in Monroe, Washington. Plaintiff alleged in his complaint that personal property was taken from his cell at the TRU during a cell search in December 2017, and that because of the negligence of multiple MCC staff members the property has now been lost. (*See* Dkt. 5.) The property apparently consisted of a single piece of paper which plaintiff identified as a religious writing taken from his "Book of Shadows," a religious notebook which plaintiff was preparing for publication. (*See id*.) Plaintiff requested monetary damages for the lost property. (*Id*.)

After reviewing plaintiff's complaint, this Court determined that plaintiff had not stated any claim upon which relief could be granted under § 1983 and, thus, the Court issued an Order directing plaintiff to show cause why this action should not be dismissed. (Dkt. 6.) The Court explained therein that where a state employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation process, so long as the state provides an adequate post-deprivation remedy. (*Id*. at 2, citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 540-41 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).) In other words, neither negligent nor intentional deprivations of property violate the Due Process Clause so long as adequate state post-deprivation remedies are available. *See id*. The Court noted in its Order to Show Cause that Washington State provides a post-deprivation remedy for the alleged tortious conduct of state employees under RCW 4.92 and, thus, that any claims pertaining to the loss of plaintiff's personal property were not cognizable in this action. (*See id*.)

REPORT AND RECOMMENDATION - 2

Plaintiff filed a timely response to the Order to Show Cause on September 7, 2018. (*See* Dkt. 9.) In his response, plaintiff asserts that he has pursued all remedies available to him within the Department of Corrections (DOC) in an effort to have his property located and returned, but has had no success. (*See id*. at 1-2.) Plaintiff also asserts that he filed a tort claim in an effort to obtain redress for his lost property and again had no success. (*See id*. at 2.) Plaintiff claims that this civil rights action is the only avenue left to him to seek redress for his lost property. (*Id*.) However, the fact that plaintiff may have exhausted all other possible avenues of relief does not entitle him to now pursue his lost property claim in this venue. The record makes clear that plaintiff availed himself of the state post-deprivation process; *i.e.*, the Washington State Tort Claim process. That plaintiff was unable to obtain any relief through that process does not render the processes inadequate in a constitutional sense. Plaintiff has not stated a viable due process claim in this action and, thus, this action must be dismissed.

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's complaint and this action be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **October 26, 2018**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 2, 2018.**

REPORT AND RECOMMENDATION - 3

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this <u>5th</u> day of October, 2018.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4