THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES WALTER WEBER,<br><br>Plaintiff,<br>v.<br><br>OFFICER OLDENHUIS, *et al.*,<br><br>Defendants. | CASE NO. C18-0972-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's objections (Dkt. No. 12) to United States Magistrate Judge James Donohue's Report and Recommendation (Dkt. No. 10) regarding Plaintiff's 42 U.S.C. § 1983 complaint (Dkt. No. 5). Having thoroughly considered the Report and Recommendation, the Plaintiff's objections, and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES Plaintiff's objections and ADOPTS Judge Donohue's Report and Recommendation.

**I.   BACKGROUND**

Plaintiff Charles Weber is an inmate at the Monroe Correctional Complex in Monroe, Washington. (Dkt. No. 5 at 3.) He alleges that on December 6, 2017, correctional staff searched his cell block and confiscated his writings from the "Book of Shadows," a religious text. (*Id.* at 3–4.) Mr. Weber alleges that he unsuccessfully attempted to reclaim his property by writing letters to prison staff, proceeding through the prison's grievance procedure and appeals process,

1  and filing a tort claim against the State of Washington. (*Id.* at 3–6.) Mr. Weber then brought this
2  lawsuit, pursuant to 42 U.S.C. § 1983, requesting monetary damages to compensate him for the
3  loss of his property. (*Id.* at 6.)

Judge Donohue found that Mr. Weber's complaint alleges deprivation of his property without due process of law. (*Id.* at 3.) Judge Donohue noted that where a plaintiff alleges that their property was taken by a state employee, either negligently or intentionally, no federal due process claim exists so long as an adequate state post-deprivation remedy is available. (*Id.* at 2) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 540-41 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)). Judge Donohue found that Mr. Weber had not alleged that Washington's tort claim process was inadequate, and thus that Mr. Weber had failed to state a claim upon which relief could be granted. (*Id.* at 3) (citing Wash. Rev. Code § 4.92). Judge Donohue therefore recommends that the Court dismiss the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Mr. Weber objects to Judge Donohue's Report and Recommendation. (Dkt. No. 12.) After detailing his administrative efforts to reclaim his property and his unsuccessful state tort claim, Mr. Weber argues that his complaint should not be dismissed because "he has shown by clear and convincing evidence and facts that his due process rights have been violated." (*Id.* at 9) (original in all caps).

## II. DISCUSSION

### A. Report and Recommendation to Dismiss

Judge Donohue correctly concluded that Mr. Weber's complaint fails to state a claim upon which relief can be granted. (*See* Dkt. No. 10.) Mr. Weber claims that prison officials deprived him—whether negligently or intentionally—of his writings without affording him due process of law. (*See generally* Dkt. No. 1.) That is not a cognizable claim so long as Washington provides an adequate post-deprivation remedy. *Hudson*, 468 U.S. at 531–33. Mr. Weber unsuccessfully pursued Washington's administrative and tort claims remedies—although he

disputes the outcome of those processes, he does not appear to argue that they are inadequate in a constitutional sense. (*See* Dkt. No. 5 at 5.) Nor is there any evidence in the record that suggests Washington's remedies are inadequate. Thus, as Judge Donohue concluded, Mr. Weber has failed to state a claim upon which relief can be granted and his complaint must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiff's objections (Dkt. No. 12) and ADOPTS Judge Donohue's Report and Recommendation in full (Dkt. No. 10). Plaintiff's complaint is DISMISSED with prejudice. While Mr. Weber has not stated a claim for deprivation of property without due process of law, he may elect to bring different claims arising out of the same allegations, such as for violations of his First Amendment right to freedom of expression or free exercise of religion, which may be cognizable under 42 U.S.C. § 1983.

DATED this 13th day of November 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE